In the Matter of Disciplinary Proceedings Against
Roger E. Walsh, Attorney at Law.

Supreme Court

*No. 93–0201–D. Filed May 11, 1994.*

(Also reported in 515 N.W.2d 263.)

PER CURIAM. *Attorney disciplinary proceeding;
attorney publicly reprimanded.*

We review the recommendation of the referee that
Attorney Roger E. Walsh be publicly reprimanded for
professional misconduct in having represented a client
on a disability claim when he knew another lawyer in
his firm represented the claimant in another matter
without having obtained the claimant's written con-
sent to the representation of the employer, which was
directly adverse to him. We determine that the recom-
mended public reprimand is appropriate discipline to

impose for Attorney Walsh's failure to disclose to a law firm client that he was defending a party against whom that client had filed a claim and to obtain the client's written consent to that adverse representation.

Attorney Walsh was admitted to practice law in Wisconsin in 1962 and practices in Milwaukee. He has not previously been the subject of an attorney disciplinary proceeding. Based on the parties' stipulation of facts, the referee, Attorney S. Michael Wilk, made the following findings.

Beginning in 1977, Attorney Walsh represented a county in labor relations and personnel matters. In May, 1989, a man who had served as a county deputy sheriff filed a claim against the county for mental injuries and disabilities he alleged he incurred as a result of action taken in the line of duty. The county board denied the claim. The man also filed a worker's compensation claim against the county arising out of the same incident.

In June, 1989, after it had been recommended that the deputy be criminally charged for his conduct in the incident, a federal civil rights action was brought against the county and its law enforcement personnel, including the deputy, for damages alleged to have been incurred as a result of the incident. The county retained another law firm to represent it in that action and the attorney in that firm who had primary responsibility for that representation advised the county that there appeared to be a conflict if he were to represent the deputy personally in the civil rights action for the reason that the county had asked him to represent it and its officials in a civil action the county expected the deputy to bring against it. The county subsequently determined not to retain that law firm to defend it against any potential civil claims the deputy might

bring and, in the fall of 1989, the deputy and others involved in the incident agreed to that firm's representation of them personally, along with the county, in the civil rights action.

When the deputy filed an application for duty disability retirement against the county in August, 1989, the county's insurance manager contacted Attorney Walsh, who counseled and advised the county in respect to the disability claim. In April, 1990, Attorney Walsh left his law firm and joined the law firm that was representing the deputy and the county in the civil rights action. When he joined that firm, Attorney Walsh knew of that representation. The county continued to retain Attorney Walsh at his new firm to represent it in personnel, labor relations and other matters.

When the deputy's duty disability claim was denied and the deputy appealed, the county asked Attorney Walsh to appear and represent it at the January 15, 1991 hearing scheduled in the appeal. Attorney Walsh then had a brief conversation with the attorney in his new law firm who was handling the civil rights action concerning his proposed appearance and representation of the county in the disability appeal. During that conversation, the attorney told Attorney Walsh he thought it would not be a good idea that he represent the county and its insurance manager in defending the disability claim. Thereafter, Attorney Walsh appeared on behalf of the county and its insurance manager at a pretrial conference on January 14, 1991. Prior to that date, he had advised and counseled the county and the insurance manager in respect to the disability claim but had not entered a formal appearance in the matter.

Shortly before the hearing in the appeal, Attorney Walsh asked the sheriff's department for its instruc-

tional and training material for his use in representing the county. When the sheriff's department told him that his partner had been provided a copy of those materials in connection with the civil rights action, Attorney Walsh again spoke with the partner concerning the disability claim and asked him where the sheriff's department material was located. The partner told him it was in the civil rights action file, which also contained the deputy's personal information and materials, and told him where that file was located. Attorney Walsh then obtained certain portions of that material from that file and at the appeal hearing used some of it in cross-examining the deputy in an effort to defeat the duty disability claim.

The referee found that Attorney Walsh's representation of the county in the disability appeal was directly adverse to the deputy sheriff, who already was being represented by Attorney Walsh's law firm as defendant in the civil rights action. It was undisputed that neither Attorney Walsh nor any other representative of the law firm had informed the deputy sheriff of his representation of the county in the disability claim or obtained the deputy's written consent to it. As factors mitigating the seriousness of that adverse representation, the referee found that Attorney Walsh and his partner had never discussed the merits of either the disability claim or the civil rights action, the deputy fully prevailed on his disability claim and the civil rights action was dismissed on summary judgment, Attorney Walsh gave the Board full cooperation in its investigation of the matter and he has an outstanding reputation in the legal community for competence and ethics.

The referee concluded that Attorney Walsh's representation of the county in regard to the deputy's duty

disability claim without having first obtained the deputy's informed written consent to that representation violated SCR 20:1.7(a) and 1.10(a).[1] As discipline for that misconduct, the referee recommended that the court publicly reprimand Attorney Walsh. In making that recommendation, the referee emphasized that Attorney Walsh had been alerted that his representation of the county would be adverse to the deputy and constitute a conflict of interest but he knowingly disregarded those warnings. The referee noted that the deputy's background, experience, personality and mental state were potential issues in the pending civil rights action and those same factors might have been at issue in the deputy's disability claim against the county.

The referee considered that the conflict of interest was obvious and it created the potential of serious injury to the deputy, even though there was no apparent actual injury, inasmuch as the civil rights action failed and the disability claim succeeded. The referee noted in particular that there was a potential for Attorney Walsh and the attorney handling the defense of the civil rights action to have had substantive conversations concerning the merits of the two matters, as well

---

[1] SCR 20:1.7 provides:

**Conflict of interest: general rule**

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

(1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

(2) each client consents in writing after consultation.

SCR 20:1.10 provides:

**Imputed disqualification: general rule**

(a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9 or 2.2.

as the potential for Attorney Walsh's having taken substantive documents from the civil rights action file to use against the deputy in the disability claim, while the deputy was unaware that Attorney Walsh had complete access to that file.

We adopt the referee's findings of fact and conclusions of law and determine that the recommended discipline is appropriate. Attorney Walsh's undertaking to represent a longstanding client despite having been alerted to a conflict of interest in respect to the law firm's ongoing representation of a client having interests adverse to the county without consulting that client and obtaining his consent warrants a public reprimand, not only as a response to Attorney Walsh's misconduct but also to deter other attorneys from acting similarly.

IT IS ORDERED that Attorney Roger E. Walsh is publicly reprimanded for professional misconduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order Roger E. Walsh pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Roger E. Walsh to practice law in Wisconsin shall be suspended until further order of the court.